UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

GERRARD PRICE,

    Petitioner,

V.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 7: 17-112-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Gerrard Price has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 2009 federal conviction for the murder of Ronald Chavis in furtherance of racketeering activity. [R. 1] Price contends, without elucidation, that a state court in Brooklyn, New York had previously found him not guilty of "substantially the same offense" of murder, and therefore his federal conviction failed to give full faith and credit to the state verdict and violated the Double Jeopardy Clause. [R. 1-1]

In 2005, Price was indicted for leading a continuing criminal enterprise, which involved crimes ranging from conspiracy, racketeering, drug trafficking, using a firearm in furtherance of drug trafficking, murder, and numerous attempted murders. A jury found him guilty of those offenses, and in 2010 he was sentenced to four terms of life imprisonment, two terms of 240 months imprisonment, and one term 120 months imprisonment, all running concurrently with one another. The Second Circuit affirmed on direct appeal in 2011. *United States v. Price*, No. 05-CR-492-NGG (E.D.N.Y. 2005).

In December 2012, Price filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255 asserting numerous instances of ineffective assistance of counsel and challenging the imposition of several of his life sentences. The government filed its response in 2014; however, the § 2255 motion remains pending as of this writing. *Price v. United States*, No. 1:13-CV-3139-NGG (E.D.N.Y. 2013).

Price's petition must be denied. First, the proper mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A habeas corpus petition under 28 U.S.C. § 2241 may only be used to challenge a federal conviction under very narrow circumstances where the remedy provided by § 2255 is structurally inadequate. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Price is currently challenging his convictions through a motion for relief under Section 2255, rendering a petition under § 2241 premature. *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996); *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *White v. Grondolsky*, No. 6: 06-309-DCR, 2006 WL 2385358, at *3 (E.D. Ky. Aug. 17, 2006).

In addition, Price argues that his murder conviction was imposed in violation of his constitutional rights, but his claims are not ones of "actual innocence" which may be pursued in a Section 2241 petition. To properly invoke the savings clause found in § 2255(e) to utilize a § 2241 petition as a means to challenge a criminal conviction, the petitioner must be asserting a claim that she is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which she was convicted in a manner that establishes that her conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d

458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. Price's constitutional claims do not fall within the narrow scope of the savings clause, and they must be asserted – if at all – by motion under Section 2255.

Accordingly, it is **ORDERED** as follows:

1. Price's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated September 27, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY